REMILLARD & HUYNH
LAURENT J. REMILLARD, JR.    4592-0
lremillard@rh-laweyrs.com
DON V. HUYNH    7967-0
dhuynh@rh-lawyers.com
RECHELLE A.M. BARBOUR    9953-0
rbarbour@rh-lawerys.com
Davies Pacific Center, Suite 2302
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: 808-536-5737

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-21-0001358**
**03-NOV-2021**
**02:34 PM**
**Dkt. 1 CMPS**

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| PEGGY MAU,<br><br>              Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC.; LONGS DRUG STORES CALIFORNIA, L.L.C.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>              Defendants. | Civil No. _____<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

### COMPLAINT

COMES NOW, Plaintiff above-named, by and through her attorneys REMILLARD & HUYNH, for her claims against Defendants above-named, and allege and aver as follows:

1.      Plaintiff PEGGY MAU ("Plaintiff") is, and at all times herein, was a resident of Honolulu, Hawaii.

# EXHIBIT "A"

2. Upon information and belief, Defendant CVS PHARMACY, INC. ("Defendant CVS") is, and was at all times pertinent herein, a foreign profit corporation, incorporated in the State of Rhode Island.

3. Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. ("Defendant Longs") is, and was at all times pertinent herein, a foreign limited liability company, incorporated or formed in the State of California.

4. Upon information and belief at all times pertinent herein, Defendant CVS and/or Defendant Longs owned and/or leased and/or operated and/or controlled the Longs Drug Store located at 3221 Waialae Avenue in Honolulu, Hawaii 96816 ("Subject Store").

5. As the owner and/or lessor and/or operator of the Subject Store, Defendant CVS and/or Defendant Longs had a duty to identify and/or remove and/or eliminate and/or otherwise warn patrons of the Subject Store of conditions upon the premises that posed an unreasonable risk of harm to others, including Plaintiff.

6. Defendants JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, at all times pertinent herein, namely, as agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, sub-contractors or contractors, and/or owners, lessees, assignees, licensees, designers, and architects of the named Defendants; and/or were in some manner, presently unknown to Plaintiff, engaged in the activities alleged herein; which conduct was a proximate cause of injuries and/or damages to Plaintiff; and/or were in some manner related to the named Defendants; and that since their "true names, identities, capacities, activities, and/or responsibilities" are presently unknown to Plaintiff

or her attorneys, Plaintiff (whose attorneys have been and are undertaking an investigation to ascertain the full names and identities of the foregoing) as leave of this Court to amend this Complaint at such time or times as the true identities, capacities, activities, and/or responsibilities of these Defendants become known.

7. At all times mentioned herein, the agents, servants, and/or employees of Defendant CVS and/or Defendant Longs were acting within the course and scope of their agency, service, and/or employment with Defendant CVS and/or Defendant Longs.

8. The aforementioned conduct of Defendant CVS and Defendant Longs and the other Defendants submits them to the jurisdiction of this court pursuant to the Hawai'i Revised Statutes § 634-35.

9. Paragraphs 1 through 8 are re-alleged and incorporated herein by reference.

10. On August 22, 2020, Plaintiff visited the Subject Store.

11. Plaintiff was browsing in an aisle within the Subject Store when suddenly and without warning, she was struck by a large 6-wheel dolly, carrying cases of soda and water, stacked about 6-7 feet high, being pushed by an employee of Defendant CVS and/or Defendant Longs ("the incident").

12. As a result of the incident, Plaintiff was thrown to the floor and the dolly ran over her left foot.

13. The substantial cause of the incident was the negligence of Defendant CVS and/or the agents and/or employees of Defendant CVS and/or the negligence of Defendant Longs and/or the agents and/or employees of Defendant Longs and/or the other Defendants (collectively "the Defendants").

3

14. Under the doctrine of *respondeat superior*, Defendant CVS and Defendant Longs are liable for the negligence of their agents and/or employees.

15. The agent and/or employee of Defendant CVS and/or Defendant Longs was negligent in stacking a dolly 6-7 feet high with cases of water and soda, which blocked the agent and/or employee's view of his or her surroundings, and pushing the dolly in an area where customers were likely to be standing, and were likely to be struck by the dolly.

16. The agent and/or employee of Defendant CVS and/or Defendant Longs was negligent in failing to warn customers in the area where they were pushing the dolly, including Plaintiff, that the dolly, stacked about 6-7 feet high with cases of water soda, was being pushed through the area.

17. As a direct result of the negligence of the Defendants, Plaintiff sustained painful and serious bodily injuries requiring past and/or present and/or future medical treatment.

18. By reason of the foregoing, Plaintiff has sustained general and special damages to be shown at trial.

WHEREFORE, Plaintiff demands judgment against Defendant CVS PHARMACY, INC. and/ or Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. and/or the other Defendants, jointly and severally, as follows:

1. General Damages in an amount to be shown at trial in favor of Plaintiff;

2. Special Damages in an amount to be shown at trial in favor of Plaintiff;

3. Prejudgment interest; and

4. Costs, attorneys' fees and such other and further relief as deemed proper by the Court.

DATED: Honolulu, Hawai'i, November 3, 2021
REMILLARD & HUYNH
Attorneys for Plaintiff

By  /s/ Rechelle A. M. Barbour
LAURENT J. REMILLARD
DON V. HUYNH
RECHELLE A.M. BARBOUR

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| PEGGY MAU,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CVS PHARMACY, INC.; LONGS DRUG STORES CALIFORNIA, L.L.C.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　　Defendants. | )　Civil No. _____<br>)　(Other Non-Vehicle Tort)<br>)<br>)　DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEMAND FOR JURY TRIAL

Plaintiff PEGGY MAU, by and through her attorneys undersigned, hereby demand trial by jury in her case above-noted.

DATED: Honolulu, Hawai'i, November 3, 2021.
　　　　　　　　　　　　　REMILLARD & HUYNH
　　　　　　　　　　　　　Attorneys for Plaintiff


　　　　　　　　　　　　By　/s/ Rechelle A. M. Barbour
　　　　　　　　　　　　　LAURENT J. REMILLARD
　　　　　　　　　　　　　DON V. HUYNH
　　　　　　　　　　　　　RECHELLE A.M. BARBOUR

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| PLAINTIFF<br><br>PEGGY MAU | VS. | DEFENDANT(S)<br>CVS PHARMACY, INC.; LONGS DRUG STORES CALIFORNIA, L.L.C.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; and ROE GOVERNMENTAL ENTITIES 1-10, |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**
PEGGY MAU
c/o Remillard & Huynh
841 Bishop St. Suite 2302
Honolulu Hawaii, 96813
808-536-5737

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Rechelle A.M. Barbour
841 Bishop St. Suite 2302
Honolulu Hawaii, 96813

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019<br>Signed by: /s/ Patsy Nakamoto<br>Clerk, 1st Circuit, State of Hawai'i |  |

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint   ⓒRG-AC-508 (10/19)